Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone:  (310) 359-8200
Facsimile:   (310) 359-8190

Attorneys for Plaintiff
KRISTEN PIERSON

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN PIERSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GOLDSTAR EVENTS, INC., a California corporation; and DOES 1-5; <br><br> Defendants. | Case No. 2:16-cv-5108 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

KRISTEN PIERSON, ("Pierson" or "Plaintiff") hereby alleges for her complaint against GOLDSTAR EVENTS, INC. ("Goldstar Events") and DOES 1-5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.     JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over Goldstar Events because it is a California corporation and conducts substantial business in the State of California and in this judicial district.

3. Venue is appropriate under 28 U.S.C. § 1391(b)(1)-(3).

## II.     PARTIES

4. Plaintiff is an individual and resident of Rhode Island.

5. Goldstar Events is a California corporation with its principal business address in Pasadena, California.

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Pierson created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Pierson is an award-winning photographer who specializes in event and live-music photography.

8. Pierson's business is based on licensing and selling photographs she creates. Pierson's photographs are currently available through her website and on commission. She regularly licenses her images to musicians, music studios, and music promoters, as well as to magazines and other media. Pierson's work has been featured in Rolling Stone, MSN, and the Alternative Press, among numerous other media.

9. Pierson owns all rights to an image of the band Lotus Land ("Infringing Image"). She registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No. VA 1-849-561 (January 9, 2013). A copy of Pierson's copyright registration is provided as Exhibit A.

**B.   Goldstar Events published and displayed the Infringing Image without license or permission.**

10. Goldstar Events is an online ticketing company that sells tickets to sports, theater, and live entertainment events. To promote its business, Goldstar Events maintains websites located at <www.goldstar.com> and <gse.io>.

11. On or around June 2016, Pierson discovered that Goldstar Events was displaying the Infringing Image on its websites without license or permission ("Infringing Uses"). Attached as Exhibit B are screenshots of the Infringing Uses.

12. To date, the Infringing Image is still displayed on Goldstar Events's websites.

## IV.   CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

13. Pierson hereby incorporates Paragraphs 1-12 by reference.

14. Pierson is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

15. The Infringing Image is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

16. Pierson has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

17. Pierson registered the copyright in the Infringing Image with the United States Copyright Office and has Copyright Registration No. VA 1-849-561 (January 9, 2013).

18. Pierson has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

19. Without the permission or consent of Pierson, the Infringing Image was reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on Goldstar Events's websites.

20. Pierson's exclusive rights in the Infringing Image were violated.

21. Goldstar Events induced, caused, or materially contributed to the Infringing Uses.

22. Goldstar Events had actual knowledge of the Infringing Uses.

23. Goldstar Events acted willfully.

## VI.   RELIEF REQUESTED

WHEREFORE, Pierson asks this Court to enter judgment against Goldstar Events and Goldstar Events's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Image and Copyright Registration No. VA 1-849-561 (January 9, 2013) by Goldstar Events under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Goldstar Events of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Pierson as the result of Goldstar Events's infringement plus the profits of Goldstar Events attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Pierson so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that Goldstar Events's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated this 12th day of July, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
Peri-Elle Cabagnot, State Bar No. 301784

Attorneys for Plaintiff
KRISTEN PIERSON

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Kristen Pierson demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 12th day of July, 2016.

          Respectfully Submitted,

          **NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
Peri-Elle Cabagnot, State Bar No. 301784

Attorneys for Plaintiff
KRISTEN PIERSON